United States District Court
Southern District of Texas
**ENTERED**
May 10, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS GALVESTON DIVISION

No. 3:21-cv-96

JULIO A. ZUNIGA, TDCJ #1961551, PLAINTIFF,

v.

SAUL CHAVEZ, DEFENDANTS.

## ORDER

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE.

Plaintiff Julio A. Zuniga, an inmate in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"), filed this civil-rights action alleging several violations of his civil rights at the Darrington Unit. Zuniga proceeds *pro se* and seeks leave to proceed *in forma pauperis*. Because the plaintiff is incarcerated, this case is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b). The PLRA requires prisoners who proceed *in forma pauperis* to pay an initial partial filing fee and then to pay by installment the full balance of the $350 filing fee for indigent litigants. Having reviewed the documents filed by the plaintiff, the court orders as follows:

1.    Although the complaint purports to list three plaintiffs in addition to Zuniga, only Zuniga signed the complaint, and only Zuniga has moved for leave to

proceed *in forma pauperis*.  According to publicly available online records, Zuniga is not registered as a licensed attorney in Texas.  He therefore cannot represent other plaintiffs in this matter.  Furthermore, he has no standing to sue on other plaintiffs' behalf.  *See Gregory v. McKennon*, 430 F. App'x 306, 310 (5th Cir. 2001) (holding that *pro se* prisoner has no standing to sue on behalf of other plaintiffs).  Therefore, any claims purportedly brought by an individual other than Zuniga are **DISMISSED without prejudice**.  The clerk is **INSTRUCTED** to remove all plaintiffs other than Zuniga from the caption of this case.

2.     If any person originally listed as a purported plaintiff in this action seeks to pursue claims in this lawsuit, he or she may submit a signed pleading within 30 days of the date of this order that lists only the factual allegations and claims for relief that pertain to him or her.  The court will then evaluate any such pleadings for possible severance into a separate civil action.  *See* Fed. R. Civ. P. 21; Fed. R. Civ. P. 42.

3.     Based on the certified inmate trust fund account statement (Dkt. 3) provided by the plaintiff, the motion for leave to proceed *in forma pauperis* (Dkt. 2) is granted.

4.     The plaintiff is assessed an initial partial filing fee of $7.20.  The agency having custody of the plaintiff will collect this amount from the plaintiff's inmate trust fund account or institutional equivalent, when funds are available, and forward it to the court.

5.     Thereafter, the plaintiff will pay $342.80, the remainder of the $350.00 filing fee, in periodic installments as required by 28 U.S.C. § 1915(b).  The agency having custody of the plaintiff will collect this amount from the plaintiff's inmate trust account or institutional equivalent, when funds are available, and forward it to the court.

6.     The plaintiff is responsible for signing all consents and other documents required by the agency having custody of the plaintiff to authorize the necessary withdrawal from the plaintiff's inmate trust account.

7.     Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.

8.     No amendments or supplements to the complaint may be filed without prior court approval.  A complete amended complaint must be attached to any motion to amend. Any pleadings or other papers filed in violation of these directives may automatically be STRICKEN from the record without further notice, including any pleadings or other papers which contain any new claims or any new factual allegations not already explicitly raised in the original pleadings or any court-approved amendments or supplements to the pleadings.  Any pleadings or other papers filed in violation of these directives in this paragraph may also subject the plaintiff to other sanctions, including the dismissal of this suit for failure to comply with court orders, if appropriate.

9.     All discovery in this case is stayed until the court enters an order to

answer.

10.     No motions for appointment of counsel will be considered until the court has completed its screening pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B) to determine if the complaint is frivolous, malicious, or fails to state a claim.

11.     The plaintiff must notify the court of any address change by filing a written notice with the clerk of court.  Failure to file such notice may result in this case being dismissed for want of prosecution.

## NOTICE TO PLAINTIFF

A.     Although you have been granted permission to proceed without prepayment of the filing fee, you must pay the full amount of the filing fee when funds are available under 28 U.S.C. § 1915(b).  If you do not wish to pay the full fee you must notify the court immediately in writing, by letter or motion, advising that you do not wish to prosecute this civil action.  Your notice must be received by the court within thirty days of the date of this order.

B.     Payment of all or part of the filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  If the case is dismissed on any of those grounds before payment of the entire filing fee, you must still pay the entire filing fee.  When a prisoner has had three or more prior actions or appeals dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, the PLRA prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the

prisoner is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

C.    State law requires the forfeiture of good-conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of TDCJ, or confined in county jail awaiting transfer to TDCJ, that is dismissed as frivolous or malicious. *See* TEX. GOV'T CODE § 498.0045.

**The clerk will send a copy of this order to the plaintiff and will also provide a copy of this order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, and by electronic mail at ctfcourt.collections@tdcj.texas.gov.**

Signed on Galveston Island this  10th  day of _____May_____, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE